AO 243 (Rev. 2/95)

RECEIVED
BY MAIL
APR 21 2005
CLERK, US DIST. COURT
ST. PAUL, MN

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District OF MINNESOTA | |
|---|---|---|
| Name of Movant THERASE LASHOWN WARREN | Prisoner No. 10553-041 | Case No. CR 02-248 DWF/SRN; CV 05-805 DWF |
| Place of Confinement FEDERAL CORRECTIONAL INSTITUTION P.O. BOX 5000, PEKIN IL 61555-5000 | | |

UNITED STATES OF AMERICA v. THERASE LASHOWN WARREN (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA

2. Date of judgment of conviction APRIL 3, 2003

3. Length of sentence 240 MONTHS

4. Nature of offense involved (all counts) 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) (DISTRIBUTION OF COCAINE BASE; TWO COUNTS)

5. What was your plea? (Check one)
   (a) Not guilty (G) [circled]
   (b) Guilty G
   (c) Nolo contendere G

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury (G) [circled]
   (b) Judge only G

7. Did you testify at the trial?
   Yes (G) [circled] No G

8. Did you appeal from the judgment of conviction?
   Yes (G) [circled] No G

SCANNED
APR 21 2005
U.S. DISTRICT COURT ST. PAUL

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

(b) Result DENIED THE APPEAL

(c) Date of result MAY 17, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes G No G

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes G No G

(5) Result N/A

(6) Date of result N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Name of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes G No G N/A

(5) Result N/A

(6) Date of result N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes G No G N/A

(2) Second petition, etc. Yes G No G

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **COUNSEL WAS INEFFECTIVE FOR NOT INVESTIGATING AND PRESENTING CULPATORY EVIDENCE THAT WAS CRITICAL TO MOVANT DEFENSE.**

Supporting FACTS (state *briefly* without citing cases or law): A COUPLE OF MONTHS BEFORE MOVANT SENTENCING MR. ESTER'S ATTORNEY TOLD HIM THAT MR. ESTER'S CASE WAS DISMISSED BECAUSE THE UNITED STATES ATTORNEY WAS CAUGHT LYING. THE SAME U.S. ATTORNEY AND INVESTIGATING OFFICER WAS THE SAME ONES THAT CONDUCTED MOVANT'S TRIAL.

B. Ground two: **NEWLY DISCOVERED EVIDENCE**

Supporting FACTS (state *briefly* without citing cases or law): UNITED STATES ATTORNEY AT MOVANT'S TRIAL STATED THAT HE DID NOT FILE A RULE-48 MOTION TO BE DISMISS BECAUSE HE WAS CAUGHT LYING.

C. Ground three: **MOVANT WAS DENIED DUE PROCESS WHEN HE WAS NOT PRESENTED WITH THE 851 ENHANCEMENT PAPERS.**

Supporting FACTS (state *briefly* without citing cases or law): U.S. ATTORENY SAID THAT THE 851 ENHANCEMENT WAS GOING TO BE IMPLIMENTED BUT IT WAS NOT IN THE PSI. THE ONLY TIME THAT MOVANT BECAME AWARE OF THIS PROCEDURE WAS AT SENTENCING. MOVANT'S ATTORNEY NEVER OBJECTED BUT SAID THAT HE WOULD LOOK INTO IT TO SEE IF IT WAS VALID. COUNSEL SAID THAT HE

AO 243 (Rev. 2/95)

SHOULD HAVE MADE NOTE THAT THE 851 PROVISION WAS NOT IN THE PSI.

D. Ground four: **MOVANT WAS DENIED DUE PROCESS IN THAT THERE WAS NO EVIDENCE TO SUPPORT THE AMOUNT OF DRUGS HE WAS INDICTED FOR.**

Supporting FACTS (state *briefly* without citing cases or law): MOVNAT WAS CHARGED WITH NINE OUNCES OF COCAINE BASE BECAUSE A CONFIDENTIAL INFORMANT SAID THAT IT WAS THE AMOUNT OF COCAINE BASE THAT MOVANT SOLD HIM. THERE WAS NO EVIDENCE (AUDIO OR VIDEO) TO VERRIFY THAT MOVANT SOLD THE C.I. THIS OR ANY AMOUNT OF DRIGS: BUT THE GOVERNMENT TOOK THE CASE BEFORE A FEDERAL GRAND JURY WHO INDICTED MOVANT FOR 244 GRAMS OF COCAINE BASE. MOVANT WAS ALSO INDICTED FOR 50 GRAMS THAT WAS NOT SUPPORTED BY ANY EVIDENCE.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

~~THESE GROUNDS ARE LEGALLY CORRECT TO PRESENT ON COLLATERAL REVIEW.~~

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes G No G (circled: No)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing MANNY K. ATWAL, ESQUIRE, MINNEAPOLIS, MINNESOTA

(b) At arraignment and plea MANNY K. ATWAL, ESQUIRE, MINNEAPOLIS, MINNESOTA

(c) At trial GARY R. BRYANT-WOLF (#!@(!#¢), BARRISTERS TRUST BUILDING 247 THIRD AVENUE SOUTH, MINNEAPOLIS, MINNESOTA 55415 (612) 338-7090

(d) At sentencing GARY R. BRYANT-WOLF

E. Ground five: **COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING WHETHER THE COCAINE BASE WAS "CRACK".**

Supporting FACTS: AT NO TIME DID COUNSEL CHALLENGE WHETHER OR NOT IF THE COCAINE BASE THAT MOVANT HAD BEEN INDICTED FOR AND WAS TRIED AND SENTENCED FOR WAS "CRACK". TRIAL COUNSEL NOR APPELLANTE COUNSEL MADE THIS CHALLENGE.

F. Ground six: **MOVANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A JURY TRIAL WHEN THE AMOUNT OF DRUGS HE WAS SENTENCED FOR WAS BASED ON JUDICIAL DETERMINATION.**

Supoorting FACTS: A JUDGE NOT JURY MADE THE DETERMINATION ON AMOUNT OF DRUGS THAT MOVANT WAS SENTENCED FOR.

G. Ground seven: **COUNSEL DID NOT ADRESS FIFHT AMENDMENT VIOLATIONS IN APPEAL BRIEF.**

Supporting FACTS: Pages 491 (1-12) WILL SHOW WHERE AN OBJECTION WAS MADE FOR AN IMPROPER LINE OF QUESTIONING (THIS IS THE PAGE WHERE THE PARTIES TOOK THE SIDE BAR). IN THE CLOSING ARGUMENTS THE VIOLATION WAS CLEARLY AND INTENTIONALLY COMTTED AGAIN. PAGE 553 (24-25); PAGE 554 (1-25); PAGE 555 (1-7). THERE WAS ANOTHER [SIDE BAR] WHERE A MOTION FOR MISTRIAL WAS AMDE AND ALSO A MOTION FOR SURREBUTTAL TO ADDRESS ANOTHER ISSUE ON INTENTIONAL MISTATE-MENT OF EVIDENCE CONCERNING FINGERPRINTS. PAGE 550 (20-25); PAGE 551 (1-11).

AO 243 (Rev. 2/95)

(e) On appeal GARY R. BRYANT-WOLF (#129136), BARRISTERS TRUST BUILDING, 247 THIRD AVENUE SOUTH, MINNEAPOLIS, MN 55415 (612) 338-7090)

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes G No G

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes G No G

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes G No G N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

N/A
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 15 2005
Date

Therase Warren
Signature of Movant