Original

RECEIVED
BY MAIL
OCT 17 2005
CLERK, US DIST. COURT
ST. PAUL, MN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Therase Lashown Warren,
Petitioner/Movant,

v.

UNITED STATES OF AMERICA,
Respondent.

Criminal Case No. 02-248 (DWF/SRN)

Civil Case No. 05-805 (DWF)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO TITLE 28 U.S.C. §2255**

COMES NOW the Movant, Therase Lashown Warren, in propria persona, and respectfully submitts this Memorandum of Law in support of Motion pursuant to Title 28 United States Code, Section 2255, which is filed contemporaneously.

**INTRODUCTION**

The Movant, [Therase Lashown Warren] asserts seven principle arguments and one supplemental argument, in support of his Motion Pursuant to Title 28 U.S.C. §2255. Movant proceeding pro se, invokes the liberal pleading doctrine. First, Movant contends that he was denied effective assistance of counsel by his legal counsel. Defense counsel failed to raise important and obvious defense without any imaginable strategic or tactical reason during trial, sentencing phase, post sentencing and on direct appeal of the Movant's trial.

Also counsel failed to investigate and present mitigating and culpatory evidence that was critical to Movant's defense.

Second, Movant maintains that counsel was ineffective by not challenging the clear and present violations of Rule 32., and the Comprehensive,

Comprehensive Drug Prevention and Control Act of 1970, §411(a)(1),21 USCA §851(a)(1) by the prosecution. There was no notification or indication of the §851 enhancement or the prior conviction that was to be relied upon in the movant's presentence report, nor did defense counsel challenge the fact that neither the presentence investigator or the movant were aware of the enhancement.

Further, counsel failed to move for an evidentury hearing to determine whether the cocaine base that movant was indicted, convicted and subsequently sentenced for was infact ("crack"). Also counsel failed to raise important and pertinent issues and violations of the movant's Constitutional Rights on direct appeal.

Movant was denied his Sixth Amendment Right to a jury trial when the amount of drugs he was sentenced for was based on judicial determination.

## JURISDICTION

The Movant contends that this Court has jurisdiction, pursuant to 28 U.S.C. §§2255 and 1331, Also 18 U.S.C. 3231.

# TABLE OF CONTENTS


| SECTION | DESRIPTION | PAGE |
|---|---|---|
| I | Statement of the Case | 4 |
| II | Statement of Facts | 5 |
| III | Substantive Issues Presented | 8 |
| IV | Presentation of Arguments | 9 |
| V | Conclusion | 23 |
| VI | Certificate of Service | 24 |

# I. STATEMENT OF THE CASE

On July 15, 2002, the movant was arrested in Minneapolis, Minnesota for distribution of cocaine base ("crack").

On August 15, 2002, the movant was subsequently named in a two(2) count indictment in the District of Minnesota.

Count one(1) of the indictment charged movant with a violation of the Title 21 United States Code §841.

Count two(2) was also a charge of violation of the Title 21 United States Code §841.

On August 21, 2002, the movant entered a plea of "NOT GUILTY" as to both counts of the indictment.

On November 18, 2002, the jury selection phase of movant's trial began and subsequently, so did the actual trial, the same day.

On November 21, 2002, Movant was found to be "NOT GUILTY" on count one(1), But found "GUILTY" on count two(2) and the sentencing phase bagan.

On November 29, 2002, movant's counsel filed a Motion of Judgement of Acquittal or a New Trial.

On January 6, 2003, the counsel's Motion for a Judgement of Acquittal or a New Trial was denied.

On April 3, 2003, Movant was sentenced to the BOP for a term of two hundred and forty(240) months and ten(10) years supervised release, which exceeded the statutory maximum.

## II. STATEMENT OF FACTS

The Movant was represented by Attorney Gary Bryant Wolf, of Minneapolis, Minnesota, by appointment of court.

Before the actual sentencing of movant, movant had written a letter to the court, which contained a personal plea from the movant to the court. The letter expressed certain facts and concerns that the movant had, as to the motives and intentions of the prosecutor and the Special Agents that were involved in the movant's case and trial. The movant also expressed these facts and concerns to his defense counsel before hand, along with another attorney's own concerns. Movant instructed his counsel to investigate the possible misconduct and connections that wre apparent through out the movant's entire case and trial, And counsel assured the movant that he would, but did not.

Further, counsel failed to inform movant of the §851 enhancement information that had been filed by the prosecution. Counsel only informed movant of the possible Career Offender Statue that was pending, as so indicated in the presentence report. Movant learned of the enhancement at his sentencing hearing, And after further inquiry it was discovered that the presentence investigator himself was not aware of the enhancement information, which constitutes a violation of Rule 32. and also of the Comprehensive Drug Prevention and Control Act of 1970, §411(a)(1), 21 USCA §851(a)(1), The §851 enhancement information was not mentioned in the presentence report. The prosecution [Paulsen] admitted to these violations in open court, and on the record, he stated, "I should have noted it and corrected it at the time, I failed to do so".

Also there was no notification or indication of which prior conviction that prosecution intended to rely upon for the enhancement.

Movant's counsel should have investigated and presented these clear and substantial violations. Instead counsel proceeded, unprepared and or unwilling to challenge the violations of Movant's Constitutional Rights. Counsel stated in open court, on the record that, "I have not researched whether failure to object to the PSI waives that or not, And to the extent it would waive it". When the court asked defense counsel about the letter that movant had written, Movant's counsel began to down play the letter and shun his client, He denounced movant's letter and concerns. In fact, counsel proceeded in an attempt to make his client seem disillusioned and vindictive, while subsequently and simutaniously uplifting and glorifying the prosecutor and the agents actions and violations.

Counsel was also ineffective to let movant be misclassified under career offender. According to the Federal Sentencing Guidelines, A defendant must have 13 or more points at level 34 to qualify for career offender, but movant only had 11 points, which is a catergory 5, not 6, movant was given a adjusted level upward due to this mistake.

There were numerous errors and violations of the Movant's Constitutional Rights that were ignored by defense counsel during the sentencing phase, post sentencing and on direct appeal of movant's trial. Counsel failed to raise important issues that directly effected the Movant's defense.

Movant told his attorney that he wanted him to raise these issues and violations on direct appeal, including the fith amendment violations during prosecutions cross examination and again in the closing arguments.

Movant expressed his wishes very clearly, for counsel to investigate and address the prosecutor's denial of the allegations made by the Movant in his letter to the court, but counsel failed to do so. In fact, counsel only raised one issue on direct appeal ignoring other pertinent issues that should have been raised, ones that movant had told counsel to appeal. Counsel never consulted or attempted to consult with movant before filing the appeal brief. After movant recieved a copy of the appeal brief, the Movant noticed that counsel had again attempted to belittle and degrade the Movant. He stated in the brief; "His nickname is Slo". He is unintelligent, a born patsy; he is slow, slow-witted, and wanted to please Engle".

Movant questioned counsel's actions in a letter that movant had sent to counsel from the Pekin Federal Correctional Institution, But Movant has never any response, nor were any of the Movant's phone calls or, messeges left by Movant, and by countless family and friends ever answered or returned.

Movant has been severely prejudiced based upon the ineffectiveness of his counsel's assistance. Movant has not spoken or heard from his legal counsel since he began his two-hundred and forty(240) month sentence, other than the reciept of the Movant's appeal brief and his trial and sentencing transcripts after the direct appeal that was filed by Movant's counsel was denied. It has been about two(2) years since Movant has spoken to his counsel, despite Movant's many unsuccessful attempts. Movant contends that he has been abandoned by counsel.

Abandonment is also proven by counsel's failure to raise important and critical issues and violations on appeal after assuring the defendant of that intent, "If defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal. Abandon-

ment is a per se violation of the Sixth Amendment.

## III. SUBSTANTIVE ISSUES PRESENTED

1. Movant contends that his right, Constitutionally to effective assistance of counsel was denied by his counsel, and that counsel prejudiced the Movant's case through his deficiency.
2. Movant's counsel did not investigate and present mitigating and culpatory evidence that was critical to Movant's defense.
3. Newly discovered evidence; Movant has come into possession of transcripts of a previous case that ties directly into Movant's own case and trial.
4. Movant was denied due process when he was not presented with §851 enhancement papers, and information was not in the presentence report.
5. Movant contends that due to new Circuit Court of Appeals rulings, Movant was denied due process, there was no evidence to support the amount of drugs he was indicted for.
6. Movant asserts counsel failed to challenge whether the cocaine base that Movant was indicted and subsequently convicted for was indeed("crack"
7. Movant's counsel failed to raise and challenge the violations of the Movant's Fifth Amendment Rights on direct appeal.
8. Movant was denied his Sixth Amendment Right to a jury trial when the amount of drugs he was sentenced for was based on judicial determination.
9. The District Court lacked subject matter jurisdiction, to adjudicate upon the indictment, in violation of the Movant's Constitutional Rights.

## INVOCATION

The Movant invokes that he is untrained in the art and skills of the law and accordingly invokes the liberal pleadings doctrine as expressed in **Haines v Kerner, 404 U.S. 579 92 S.Ct. 594 30 L.Ed, 2d 652(1972** (holding that pro se litigants' filings are to be liberally construed to permitt full development of any potentially meritorious claims).

## IV. PRESENTATION OF ARGUMENTS

### THE MOVANT CONTENDS THAT HIS RIGHT CONSTITUTIONALLY TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED BY HIS COUNSEL AND THAT COUNSEL PREJUDICED THE MOVANT'S CASE THROUGH HIS DEFICIENCY

The United States Supreme Court has enumerated a twin guidepost, in **Strickland v. Washington**, [466 U.S. 692], that in order for a petitioner to prevail on a claim of ineffective assistance of counsel he would have to satisfy two prongs: (1) that the petitioner must show that counsel's assistance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors the result of the proceedings would have been different; and (2) that petitioner must show that counsel's lack of assistance caused the petitioner prejudice.

In this case, counsel for the Movant did not represent his client competently. Movant's counsel failed to raise important and obvious defense with out any imaginable strategic or tactical reason during the sentencing phase, post sentencing and on direct appeal of Movant's trial.

The first instance of ineffectiveness occured when counsel for movant, did not move for a hearing to challenge whether the cocaine base that movant was indicted for was actually ("crack"). Also counsel failed to recognize that prosecution had failed to meet it's burden of

proof as to the cocaine base being ("crack"). As it stands currently with recent rulings, based on scientific fact as well as legal conclusion, all cocaine base is not ("crack"). See. U.S. v. Edwards, 397 F3d 570 (7th Cir. 2005) and VOTING INTEGRITY PROJECT, INC. v. KEISLING, 259 F3d 1169 (9th Cir. 2001), And also see. U.S. v. Booker, 160 L.Ed 2d 621 (2005), which clarifies certain issues, "other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt". The sentencing guideline range for two-hundred and forty-four(244) grams of cocaine is level 20, (At least 200 grams but less than 300 grams of cocaine, or the equivalent amount of other, schedule I or II stimulants), which at catergory (5) only calls for a 63-78 month sentence. By charging Movant with crack, prosecution is placed under the burden of proof to prove that the cocaine base was infact ("crack"). Movant contends that the prosecution never submitted and or proved to a jury beyond a reasonable doubt that the cocaine base in question was actually ("crack"), U.S.C.A. Const., Amend. §Six.

The next instance of ineffectiveness arose when counsel failed to realize that further investigation was needed to determine the nature of the prior convictions that were used to enhance movant's sentence. See. U.S. v. West, 393 F3d 1302 (D.C. Cir. 2004) and U.S. v. Breckenridge, 93 F3d 132 (4th Cir. 1996) Also See. v. Kissick, 69 F3d 1048 (10th Cir. 1995). Movant's prior convictions were for possession, which the movant recieved probation for. The convictions were for less than two(2) grams each and only one was for cocaine. See. U.S. v. Hernandez, 218 F3d 272 (3rd Cir.2000).

"It should be understood that Congress expressed purpose in enacting 21 U.S.C. 841(b), which was to target major drug traffickers and manufactures kingpins, and masterminds of criminal organizations. See H.P. Rep. No. 99-

845, 99th Cong. 2d Sess. 11-12(1986)(House Judiciary Committee Report. See generally U.S. v. Martinez-Zayas, 857 F2d 122, 130 (3rd Cir. 1988), "If we were to construe 21 U.S.C. 841(b)(1)(A), as applying to aggregate amounts of drugs held on various seperate occasions, it could be used against small-time dealers or users who never posses more than a few grams at a time. The phrase "a violation", makes it clear that this was not Congress's intent. See. U.S. v. Winston, 37 F3d 235 (6th Cir. 1994).

The Movant maintains further ineffectiveness assistance of counsel accured when defense counsel failed to inform Movant of the government's filing of the §851 enhancement, there was nothing in writing stating the prosecution's intent or which previous conviction that was being used for the enhancement, nor was the information present in the Movant's presentence report. Counsel only informed Movant of the possible application of the Carrer Offender Statue that was pending, as so indicated in in the PSR, and after further inquiry it was discovered that the presentence investigator as well as the Movant were both unaware of the §851 enhancement, which constitutes a violation of Rule 32., and the Comprehensive Drug Prevention and Control Act of 1970, §411(a)(1), 21 U.S.C. §851(a)(1). See. Prou v. U.S., 199 F3d 37 (1st Cir. 1999) also U.S. v. Dodson, 288 F3d 153 (5th Cir. 2002) and Rutherford v. U.S., 175 F3d 899 (-904-)(11th Cir. 1999).

It should be also noted that the prosecutor[Paulsen] had ample time to inform the presentence investigator and the Movant of the enhancement after recieving a copy of the PSR, but did not. In fact, Paulsen stated in open court and on the record, "I should have noted it and corrected it at the time, I failed to do so". See Cr. 02-248 (DWF/SRN) Sentencing Transcripts (p.4 line 23). And as further proof of defense counsel's ineffectiveness, defense counsel stated in open court, also on the record, "I have not researched whether failure to object to the PSI waives that or not,

And to the extent it would waive it". See. Cr. 02-248 (DWF/SRN), Sentencing Transcripts (p. 6 lines 21-24). Also see U.S. v. Jackson, 32 F3d 1101 (7th Cir. 1994) and Kelly v. U.S., 29 F3d 1107 (7th Cir . 1994).

Movant asserts that counsel was ineffective when counsel failed to investigate and present mitigating and culpatory evidence that Movant had presented to his counsel, expressing his and another attorney's own concerns of questionable motives and possible prosecurital misconduct in a previous case and trial that tied directly into the Movant's own case and trial. See Trice v. Ward, 196 F3d 1151 (10th Cir. 1999), "Counsel's obligation to conduct reasonable investigation extends to matters related to the sentencing phase of trial", (USCA Const. Amend. Six). Also See Hall v. Washington, 106 F3d 742 (7th Cir. 1997).

The Movant's counsel also allowed the Movant to be misclassified and given an adjusted base offense level due to that misclassification. According to the Federal Sentencing Guidelines, a defendant must have 13 or more points, which would place him in a catergory 6 and qualifies him for the career offender range, but movant only had 11 points, which put him in a catergory 5, and that does not call for a 360 to Life sentence, which also exceeded the statutory minimum and maximum.

Movant's counsel's incompetency extends to and beyond, post sentencing into the Movant's direct appeal. Counsel failed to raise important issues that directly effected the Movant's appeal defense. See Delgado v. Lewis, 181 F3d 1087 (9th Cir. 1999) and Grubbs v. Singletary, 900 F.Supp. 425 (M.D. Fla 95). Movant told his attorney that he wanted him to raise all the numerous errors and Constitutional violations on direct appeal, And counsel assured Movant that he would raise and address them, but he failed to do so. See. Lofton v. Whitley, 905 F2d 885 (5th Cir. 1990) also Mason v. Hanks, 97 F3d 887 (7th Cir. 1996) and Ludwig v. U.S., 162 F3d 456 (6th Cir. 1998).

Movant further contends that his counsel not only ignored the improper conduct of the prosecutor during trial, but failed to raise them on direct appeal, after Movant instructed him to include these violations, along with obvious Fifth Amendment violations committed by the prosecutor during his surrebuttal cross-examination and again during his closing arguments. Originally counsel had moved for a mistrial, but was denied by the court. Those violations were critical and Constitutional, and should have been raised and addressed on the Movant's direct appeal. See Robison v. Maynard, 829 F2d 1501 (10th Cir. 1987) also Blackburn v. Foltz, 828 F2d 1177 (6th Cir. 1987) and Dubria v. Smith, 197 F3d 390 (9th Cir. 1999). Counsel failed to raise issue on prosecutor's constant insertion and pushing of his own personal beliefs, as well as making consecutive references to facts that were not in evidence, even in his closing arguments. At one point the prosecutor [Paulsen] stated, "So, they all are tied to Pat Ester. And ask yourselves whether Pat Ester has an interest in the outcome of this case. You know what the theory of thee -- the of it, "Government's case is here, so does he. He's even interested in the outcome of the case. Would it be better for him if Mr. Warren does not get convicted and is not facing the certainty of prison time? Would it be better for Mr. Ester? Would Mr. Warren be less likely to talk about Mr. Ester if he's not facing prison time?" This improper conduct and questioning was and is very important and critical to the Movant's appeal. See U.S. v. Beckman, 222 F3d 512 (8th Cir. 2000).

Movant maintains that, without consulting Movant that counsel only raised one issue on direct appeal, ignoring other pertinent issues that should have been raised. In the Movant's appeal brief counsel again with deliberate intent made the Movant seem unintelligent and lacking basic thinking skills. He stated, "His nickname is Slo". He is Unintelligent, a born patsy; he is slow, slow-witted, and wanted to please Engle".

See Movant's direct appeal brief (pages 22 and 23). Not only does this constitute ineffective assistance of counsel, but also abandonment. Counsel never consulted or even spoke with the Movant about his intent, If he would have, then Movant would have clearly expressed his disapproval. In fact, Movant has not spoken or heard from his counsel since the Movant began his sentence of (240) months, accept for the recieval of the appeal brief and trial transcripts, which coincidently was well after the direct appeal filed by counsel had been denied. Once Movant recieved the notice of the direct appeal being denied, he immediately attempted to contact his counsel, Movant also sent a letter from the Pekin Correctional Institution, which told his attorney to file for an en banc and later a certiorari, which should have been done automatically, but counsel failed to file either and never even bothered to answer the Movant's letters, questions or requests. Counsel had very clearly demonstrated his abandonment of the Movant.

After recieving a copy of the appeal brief that counsel had filed the Movant noticed that he himself had never recieved a copy of the government's Appellee response brief. And upon even further investigation Movant learned that defense counsel never filed a response brief to the government's rebuttal brief. Again counsel's abandonment is clear and present.

Abandonment is also proven by counsel's failure to raise important and critical issues and violations on direct appeal, after assuring the Movant of that intent. "If defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but any assistance of counsel on appeal. "Abandonment is a per se violation of the Sixth Amendment. See U.S. v. Cronic, 466 U.S. 648, 658, 80 L.Ed 2d 657; Castellianos, 26 F3d 717 (7th Cir. 1994). There were numerous errors and Constitutional violations that counsel chose to ignore during sentencing, post sentencing and on direct appeal.

**THE RECORD REFLECTS VIOLATIONS OF DUE PROCESS, FEDERAL RULES AND CRIMINAL PROCEDURE RULE 32(a)(1) AND THE COMPREHENSIVE DRUG ABUSE PREVENTION AND CONTROL ACT OF 1970, §411(a)(1), 21 USCA §851(a)(1).**

Movant was denied due process, when the prosecution failed to inform the Movant, in writing of it's actual filing of an §851 enhancement before sentencing.

"In practice, it is a premise that the defendant has a right to be sentenced on the basis of accurate information". See U.S. v. Pless, 982 F.2d 1127 (7th Cir. 1992), which implicates the corollary " right to know what evidence will be used against him at the sentencing hearing". See U.S. v. Morales, 994 F.2d 386, 389 (7th Cir. 1993)(citing Federal Rules and Criminal Procedure, 32(a)(1). See U.S. v. Brady, 928 F.2d 844, 847 (9th Cir. 1991) and U.S. v. Nuno-Para, 877 F.2d 1409 (9th Cir. 1989).

Movant also contends that there was no information concerning an §851 enhancement in the Movant's presentence report, nor was the Movant made aware of the enhancements existance until the day of Movant's sentencing hearing. Also after further inquiry on the matter it was discovered that the presentence investigator was not himself aware of the enhancement, which constitutes a violation of rule 32. and the Comprehensive Drug Abuse Prevention and Control Act of 1970, §411(a)(1), 21 U.S.C. §851(a)(1). See Kelly v. U.S., 29 F3d 1107 (7th Cir. 1994) and U.S. v. Jackson, 32 F3d 1101 (7th Cir. 1994), "District Court must provide sufficient notice to parties with specific facts which court intends to rely on so that parties may contest issue at sentencing, where any factor important to sentencing determination is reasonably in dispute, U.S.S.G. §6A1.1(a), p.s., 18 U.S.C.A. App.

The prosecutor [Paulsen], admitted to these violations in open court and on record at the Movant's sentencing hearing, he stated, "I should have noted it and corrected it at the time, I failed to do so". See Sentencing

Transcripts, Cr. 02-248 (DWF/SRN)(p. 4 line 23). It should be also noted that the prosecutor had around or about four(4) to five(5) months before the Movant's sentencing date to correct the problem by informing the Movant and the presentence investigator and to make the neccesary corrections in the PSR."Non-compliance with the procedural regime of the Comprehensive Drug Abuse Prevention and Control Act of 1970, providing that increased punishment shall not be imposed by reason of prior conviction unless, before trial or entry of a plea of guilty, the United States files an information stating the previous convictions to be relied upon, deprives the sentencing court of authority, but not subject-matter jurisdiction, to impose an enhanced sentence". Comprehensive Drug Abuse Prevention and Control Act of 1970, §411 (a)(1), 21 USCA §851(a)(1). See Prou v. U.S., 199 F3d 37 (1st Cir. 1999), also U.S. v. Dodson, 288 F3d 153 (5th Cir. 2002) and Rutherford v. U.S., 175 F3d 899 (-904-)(11th Cir. 1999).

**THE RECORD REFLECTS VIOLATIONS OF THE FEDERAL RULES, CRIMINAL PROCEDURE RULE 52(b), 18 U.S.C.A.**

The Movant contends that the prosecutor engaged in improper questing and with deliberate intent, constantly made impliances of the defendant's guilt through his association and or friendship with an individual [Pat Ester that was not and is not, or has he ever been the defendant's co-defendant, nor was he a witness for the defense or the government. See U.S. v. Singletary, 646 F2d 1014 (1981), "Defendant's guilt may not be proven by showing that he associates with unsavory characters".

The Movant further contends that prosecution intentionally and constantly made the jury aware that Mr. Ester, had been convicted of federal charges in the past and had done prison time. See U.S. v. Polasek, 162 F3d 878 (5th Cir. 1998), "A nonconstitutional trial error is harmless unless it had substantial and injurious effect or influence in determining the jury's

verdict".

The clear intent of the prosecution is unavoidable. Patrick Ester, was not and is not a co-defendant of the Movant, nor was he a witness for the defense or the government. Yet the prosecutor [Paulsen] continued to make references to Ester, and his criminal background through the Movant's entire trial. See Cr. 02-248 (DWF/SRN), Trial Transcripts,(p.375 lines 11-25) and (p. 376 lines 1-25), (p.390 lines 17-25),(p.391 lines 1-25),(p. 392 lines 1-17),(p. 394 lines 20-25),(p. 395 lines 1-25),(p. 403 lines 5-16), (p. 470 lines 15-25),(p.471 lines 1-8) and (p. 475 lines 5-18).

Movant maintains that the government's case based around the defendant' association and or friendship with Patrick Ester. The prosecutor's closing arguments were again focused on Ester, in an attempt to convict the Movant through association, which ultimately it is believed that he succeeded. See Cr. 02-248 (DWF/SRN) trial transcripts,(p.515 lines 4-25)and(p. 516 line 1), [Paulsen]: "So, they all are tied to Pat Ester. And ask yourselves whether Pat Ester has an interest in the outcome of this case. You know what the theory of thee -- the of it, "Government's case is here, so does he. He's even interested in the outcome of the case. Would it be better for him if Mr. Warren does not get convicted and is not facing the certainty of prison time? Would it be better for Mr. Ester? Would Mr. Warren be less likely to talk about Mr. Ester if he's not facing prison time?" See U.S. v. Corona, 551F2d 1386, 1388 and 1391 (5th Cir.), U.S. v. Garza, 608 F2d 659 (5th Cir. 1979) and U.S. v. Okenfuss, 632 F2d 483 (5th Cir. 1980).

**THE RECORD REFLECTS PROSECUTION'S DENIAL OF ALLEGATIONS MADE BY MOVANT TO COURT, MOVANT NOW PRESENTS AND SUBMITTS NEW EVIDENCE TO IMPEACH PROSECUTOR AND FURTHER SUPPORT'S PROSECURITAL MISCONDUCT CLAIMS AND VIOLATIONS OF THE FEDERAL RULES, CRIMINAL PROCEDURE RULE 52(b), 18 U.S.C.A.**

The Movant had written a letter to the court, which contained a personal plea from the Movant to the court. In the letter, Movant expressed certain facts and concerns and also made allegations as to the motives and

and intentions of the prosecutor and the Special Agents that were involved in the Movant's case and trial. The court in turn sent out copies of the letter to AUSA Jeffrey Paulsen and to the Movant's defense counsel Gary Bryant Wolf, which brought counsel out to see the defendant at the Sherburne County Jail, which until that time there had been no sentencing date set. Counsel showed Movant a copy of the letter and asked Movant to explain, and Movant explained his concerns and suspitions along with another attorney's own concerns and suspitions. The attorney had been involved in a previous case that involved the prosecutor [Paulsen] and some of the same agents [Sabeesta] and others... The attorney [Mr. Smith] was available and willing to testify if he was needed to. The previous case and trial tied directly into the Movant's own case and trial at present,(a copy of the for-mentioned letter is included with-in the Movant's case docket and appeal docket).

At the sentencing phase of the Movant's trial, the court addressed the Movant's letter and the concerns and allegations made by the Movant. The court asked AUSA, Paulsen if he had any response to the allegations in the letter, and the prosecutor's answer was yes and part of that answer was as follows: "I voluntarily dismissed that case. And it wasn't because I was caught in a lie. ... It had nothing to do with anybody getting caught in a lie. It had to do with the view of the quality of the evidence by that particular Court". See Sentencing Transcripts, (p. 13 lines 4-23).

The Movant has recently come into possession of previously sealed trial transcripts of the trial in question, U.S. v. Patrick Ester, Case No. 00-CR-48-MJD (D. Minn. 6/21/00, which has been Amended in a motion to allow amendment of the original pleading of the motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody. These transcripts clearly shows the prosecutor [Paulsen] being caught in a lie and admitting to that lie and also being chastised by the court, of which Paul...

Paulsen flatly denied at the Movant's sentencing hearing.

**THE RECORD REFLECTS THAT MOVANT WAS DENIED HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO A JURY TRIAL WHEN THE AMOUNT OF DRUGS HE WAS SENTENCED FOR WAS BASED ON JUDICIAL DETERMINATION.**

Movant asserts that his Sixth Amendment Rights were violated, when the government failed to present and prove beyond a reasonable doubt that the cocaine base that Movant was indicted, convicted and sentenced for was in fact ("crack").

Since the differences between cocaine, cocaine base and("crack"), has such a substantial and profound impact on a defendant's charge and sentence, the government is put in a neccesary position of proving the elements of the indictment to the jury. See U.S. v. Acklen, 47 F3d 739 (5th Cir. 95) Also See VOTING INTEGRITY PROJECT, INC. v. KEISLING, 259 F3d 1169 (9th Cir.01 and U.S. v. Edwards, 397 F3d 570 (7th Cir. 2005). As it stands currently certain drugs have different affects and stages, so are not classified as the same, even though they posses the same root. With recent rulings based on scientific fact as well as legal conclusion, all cocaine base is not ("crack").

By indicting Movant with a violation of the Title 21 U.S.C. §841(b)(1)(A), Manufacturing and Distribution of Cocaine Base ("crack"), the government is placed under the burden of proof, to submitt and prove to a jury beyond a reasonable doubt that the cocaine base is actually ("crack"), USCA Constitutional Amendment §Six.

Movant contends that the prosecution never submitted and or proved to a jury beyond a reasonable doubt that the coaine base was £"crack". See U.S. v. Booker, 160 L.Ed 2d 621 (2005), "other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the presribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt". The sentencing guideline range for (244) grams of cocaine

is a level 20 (At least 200 grams but less than 300 grams of cocaine or equivelant amount of other schedule I or II stimulants),Which at a catergory 5, only calls for a 63-78 month sentence. Prosecution failed to meet it's burden of proof, which increased and so enhanced the Movant's base offense level and the Movant's sentence.

Movant maintains that the type and amount of drugs he was sentenced for was based on judicial determination instead of the jury, which is a violation of the Movant's Fifth and Sixth Constitutional Rights.

**THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION TO ADJUDICATE UPON THE INDICTMENT IN VIOLATION OF THE MOVANT'S CONSTITUTIONAL RIGHTS AFFORDED HIM UNDER AMENDMENTS V & VI.**

The Movant contends that he has been unconstitutionally charged, detained, and convicted in the United States District Court for the, District of Minnesota. The Movant contends that the District Court lacked subject matter jurisdiction, in that the charge of the instant offense pursuant to Title 21 U.S.C. §841 (as supported by the intended violation of 822(b))*, does not apply to a non-registered person[s] because they do not have a binding contract with the Federal Government of the United States of America, [unless] the non-register[ed] person is indicted or charged with an unauthorized association with either a regulated person (as defined under and pursuant to §802(39) in the course of an §841 violation).

*See p. 10 Importing Title 21 U.S.C. §822

Part C of [Title 21], Food and Drug, Drug Abuse, and Prevention and Control, is for Registrat[ion] of Manufacturers, Distributors, and Dispensers of Controlled Substances. Section 821, Rules and Regulations states:

In pertinent part:

> The Attorney General is authorized to promulgate rules and regulations and to charge... reasonable fees relating to the registration and control of the manufacturer, distribution, and dispensing of controlled substances and to the registration and control of regulated persons and regulated transactions.

Id., at §821 Food and Drug.

This Movant is not, nor has he ever been a party to any registration contract or involved with any "regulated persons" who manufacture, distribute and/or dispense any controlled substances under regulation and authority of the Attorney General.

This Movant further contends, that he is not, nor he ever been involved with, nor associated with any "regulated transaction" of any controlled substances under the authority divested in the Attorney General under Title 21 United States Code, Section 821.

Furthermore, the current indictment in this matter does not allege any jurisdictional nexus of statement, fact, clause, or law, under which authority the United States Attorney General and his staff have jurisdiction [t]o in[dict], try, or convict this Movant in any District Court.

The purported indictment does not allege, that the Movant herein has violated any Constitutional Law.

Under Part D, Offenses and Penalties, Title 21 U.S.C. §841, prohibited acts, A, it states that, "Except as authorized by this subchapter, it shall be unlawful for any person to knowingly or intentionally, (1) manufacture, distribute, or dispense, a controlled substance...;"

When one is contracted to be a registrant with the United States, Government through the United States Attorney General's Office, he or she is forbidden to violate or abuse his/her contract by dealing in other regulated controlled substances, by dealing in more authorized regulated controlled substances than the registant's contract authorizes, and/or dispensing regulated controlled substances for or to persons not eligible

under the registrant's contract (all in violation of and pursuant to §822(b)).

Again, the Movant is not, nor has he ever been, involved with any regulated person(s), or regulated transactions, and/or controlled subtances under the United States Attorney General's authority or the United States Government's jurisdiction. Nor was Movant's indictment initiated with the nexus of a jurisdictional requirement to support the charge of Title 21, U.S.C. §§841.

The Movant contends that the United States District Court lacks subject matter jurisdiction and personal jurisdiction.

This Movant invokes the protections and guarantees which are afforded by the United States Constitution under Amendment Five, which shields him:

> [N]o person shall...be held to answer for a capital, or otherwise infamous crime, unless on a presentation or indictment of a Grand Jury, except in a case arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopordy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Id., The United States Constitution, Amendment V, 1787. (Original Intent). Jurisdictional defects can be raised at any time and at any stage of the proceedings. In **Freytag v. Commissioner of Internal Revenue,** 501 U.S. 868, 896-897; 111 S.Ct. 2631, 2648; 115 L.Ed 2d 764 (1991) where the U.S. Supreme Court, speaking through Justice Scalia, said that:

> "The court has an independent duty to assure itself that it's jurisdiction is properly had, and as a result parties can raise jurisdictional defects at any time. Because jurisdictional defects cannot be procedurally defulted in the first place, it is therefore a **non sequitur** to suggest that a procedural defect cannot be overcome because the defendant has not made an adequate showing of 'cause.'"

Also see, **United States v. Burke,** 112 S.Ct. 1867, 1879, 119 L.Ed 2d 34 (1992), in which the Supreme Court held, "...a court must raise a defense **sua sponte** if the defense implicates the court's subject matter jurisdiction"

*The Movant herein invokes Title 21 U.S.C. §822. cf. pp.6.

Section 822 **Persons required to register:**

(b) Authorized activities

Persons registered by the Attorney General under this sub-chapter, to manufacture, distribute, or dispense such sub-stances or chemicals (including any such activity in the con-duct of research) to the extent authorized by their registration and in conformity with the other provisions of this sub- chapter

Therefore, the Movant's claim of lack of jurisdiction must be heared and decided because jurisdictional defects cannot be procedurally defaulted.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Honorable Court vacate the conviction and sentence in this matter and or grant any other such further relief as this Court deems appropriate.

Therase Warren

Therase Lashown Warren, **pro se**
10553-041
FCI
P.O.Box 33
Terre Haute, IN. 47808