UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Therase Lashown Warren,

Defendant,

CIVIL NO. 05-1633 MJD/AJB

AFFIDAVIT OF GARY
GARY R. BRYANT-WOLF

---

**STATE OF MINNESOTA )**
**) ss.**
**COUNTY OF HENNEPIN)**

Gary R. Bryant-Wolf, being first duly sworn, hereby deposes and states as follows:

1. That he was trial and appellate defense counsel for Therase Warren.
2. That on October 18, 2005, he received a letter from AUSA Paulsen and was asked to submit an affidavit on two points in response to a Title 28, section 2255 Petition filed by Therase Warren.
3. That those two point are: (1) That your affiant failed to raise all the issues on appeal that Mr. Warrant wanted raised; (2) That your affiant did not keep Therase Warren informed of the progress of the appeal.
4. As to the first point, your affiant had several discussions with Mr. Warren regarding the issues to appeal and not to appeal. These discussions occurred between the end of trial and the sentencing. There was no disagreement concerning the issues that would be appealed, save one. The only issue Mr. Warren wanted raised on appeal that your affiant refused to raise was Mr.

Warren's position that his prosecution was the result of improper and unethical conduct on the part of Mr. Paulsen. Mr. Warren and your affiant discussed and argued that issue since the beginning of the representation at the trial court level. There was no factual basis whatsoever that indicated any kind of improper or unethical conduct or motivation on the part of Mr. Paulsen. Your affiant reviewed a prior prosecution by Mr. Paulsen of another person – Patrick Ester – and found no evidence of any unethical behavior. Your affiant also spoke with Mr. Ester and determined that none of the allegations made against Mr. Paulsen by Mr. Ester was true. Your affiant spoke Patrick Ester's counsel in that prosecution, a Mr. Smith, who told your affiant that Mr. Smith could and would supply your affiant with proof that Mr. Paulsen acted unethically in a prior prosecution of Patrick Ester. However, Mr. Smith, who is no longer in practice, was unable to describe to your affiant any alleged unethical behavior and never produced a single document which showed unethical behavior on the part of Mr. Paulsen. There being no basis whatsoever to believe that Mr. Paulsen acted in any way unethically, that issue was not raised in the trial court or on appeal. It would have been improper to do so. Moreover, your affiant explained to Mr. Warren that, even assuming unethical conduct as to Patrick Ester, still, a link to Mr. Warren's prosecution would have to be shown. To this day, no one has been able to explain to your affiant the alleged unethical behavior of Mr. Paulsen, or, if we assume it existed, how it would put into question the prosecution of Mr. Warren. The

indictment and prosecution of Mr. Warren followed the usual course and appeared in all respects to be proper and professional.

5. As to point number two; there is never enough communication with a client who is in prison pending an appeal. That is why it is your affiant's practice to discuss the appeal prior to sentencing. As to this appeal, Mr. Warren and your affiant had several discussions prior to his being sent to prison regarding the issues to be appealed and exchanged correspondence and had at least one telephone call. Mr. Warren never expressed to you affiant any problem with communication, or that he was not being informed of the progress of the appeal. Your affiant also had several conversations with Patrick Ester and a man named "Chevalier" who both acted as conduits of information between your affiant and Mr. Warren. The only point of disagreement was Mr. Warren's insistence that your affiant pursue a patently ridiculous position that Mr. Paulsen had acted unethically, and that alleged behavior resulted in an unlawful prosecution.

6. In summary, your affiant states that communication between your affiant and Mr. Warren was adequate and that your affiant's decision as to what issues to raise was discussed with Mr. Warren. Mr. Warren strongly objected to your affiant's refusal to pursue issues as to the conduct of Mr. Paulsen. Your affiant's decision not to pursue these issues was based upon the facts after due diligence. There were no issues. There was, and is, no basis for the assertion that Mr. Paulsen acted unethically.

Dated: October 24, 2005.

Gary R. Bryant-Wolf, #129136
Attorney for Defendant
Barristers Trust Building
247 Third Avenue South
Minneapolis, MN 55415
(612) 338-7090
bryantwolflaw@yahoo.com
www.bryantwolf.com

Subscribed and sworn to before me
This 24th day of October 2005.

______________________________
Notary Public

KATHERINE S. MORRIS
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010