RECEIVED
BY MAIL
NOV 30 2005
CLERK, US DIST. COU
ST. PAUL, MN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Therase Lashown Warren, Petitioner/Movant, | ) | Criminal Case No. 02-248 (DWF/SRN) |
| v | ) | Civil Case No. 05-805 (DWF) |
| United States of America, Respondant. | ) | |

**MOTION TO SET ASIDE ORDER DATED NOVEMBER 14, 2005**

**COMES NOW** Petitioner/Movant, Therase L. Warren, pro se, and pursuant to Federal Rules of Criminal Procedure Rule 59(e) moves this Honorable Court to set aside its order dismissing the petitioner's Motion under 28 U.S.C. 2255 on the following grounds:

**1).** That petitioner filed his original Motion pro se on April 15, 2002, with a memorandum filed October 17, 2005; Further, that the government filed its answer on October 31, 2005;

**2).** That the court filed an order on November 14, 2005, without affording the petitioner the right of rebuttal or the opportunity to traverse the governments response to the petitioners' claims;

**3).** That the courts order summarily disposes of the petitioner's claims in cursory fashion and adopts almost verbatum the language provided by the government in its answer;

**4).** The principles of equity and substantive due process require the petitioner a reasonable modecum of time to reply or traverse the governments' arguments before issuing a final order on the merits; See Rule 5(d) Reply Rules Governing section 2255 proceedings for the U.S. District Courts;

SCANNED
NOV 30 2005

**5).** That the petitioner's arguments are tendered in good faith and deserve close scrutiny before rendering a dispositive order foreclosing further considerations; specifically, that **a).** the jurys' finding of 50 or more grams of cocaine base ("crack") was not supported by clear scientific testimony beyond a reasonable doubt as to whether the prohibited substance seized was cocaine base as opposed to crack; **b)** the government waived the issue of a twenty(20) year minimum mandatory sentence because of failure to object to the PSR determination that a ten(10) year minimum mandatory sentence applies; ~~and c)~~ that defendant received ineffective assistance of counsel at trial and on appeal as appellate counsel had an obvious, inherent conflict of interest.

Wherefore, petitioner pro se moves the court to correct its own error pursuant to Rule 59(e), vacate the order signed Nov. 14, 2005 and filed Nov. 15, 2005 and grant petitioner a reasonable time in which to file a traverse.

Respectfully Submitted,

Therase Warren

**Therase Lashown Warren, pro se**
**Reg. No. 10553-041**
**P.O.Box 33**
**Terre Haute, IN. 47808**

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above "Motion to Set Aside Ruling dated 11/14/05" was deposited in the legal mail recepticle at Terre Haute FCI addressed to the following entities by first class mail postage prepaid this 23d day of Nov., 2005; addressed to:

Clerk of the Court
708 Federal Building
316 North Robert Street
St. Paul, MN. 55101

Mr. Jeffrey Paulsen, AUSA
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN. 55415

I affirm that the above and foregoing is true under the pains and penalties of perjury pursuant to 28 U.S.C. 1746

Therase Lashown Warren, pro se
Reg. No. 10553-041
P.O.Box 33
Terre Haute, IN. 47808