**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Therase Lashown Warren, Criminal No. 02-248 (DWF/SRN)
Civil No. 05-805 (DWF)

Petitioner-Appellant,

v. **MEMORANDUM AND ORDER**

United States of America,

Respondent-Appellee.

---

Therase Lashown Warren, *Pro Se*, Petitioner-Appellant.

Gary R. Bryant-Wolf, Esq., Bryant-Wolf Law Office, counsel for Petitioner-Appellant.

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Appellee.

---

## INTRODUCTION

In 2002, a jury found Petitioner guilty of a federal narcotics offense, and he was later sentenced to 240 months in federal prison. In 2004, Petitioner's conviction and sentence were upheld by the Eighth Circuit Court of Appeals. In 2005, Petitioner challenged his conviction and sentence once again, this time by filing a motion for relief under 28 U.S.C. § 2255. That motion was denied by this Court's order of November 14, 2005. (Doc. No. 69.) Petitioner filed a motion asking the Court to reconsider his § 2255 motion, and that motion was denied on December 20, 2005. (Doc. No. 72.)

On January 19, 2006, Petitioner filed a Notice of Appeal and Request for Certificate Of

Appealability ("COA") seeking appellate review of the Court's ruling on his § 2255 motion. (Doc. Nos. 73 and 74.) For the reasons discussed below, Petitioner's request for a COA will be denied.

**DISCUSSION**

A federal prisoner is not permitted to appeal a final order denying a motion brought under 28 U.S.C. § 2255 without first securing a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also*, *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner is seeking appellate review of a several claims pertaining to (1) the alleged inadequacy of the jury's finding regarding the nature and quantity of the controlled substance for which he was convicted and sentenced, (2) an alleged failure to present certain "exculpatory evidence" at his trial, and (3) alleged "prosecutorial misconduct." The Court fully considered all of the claims that Petitioner raised in his § 2255 motion and found nothing meritorious in any of those claims. After reviewing those claims once again, the Court remains fully satisfied that they were properly denied for the reasons set forth in the Court's order of November 14, 2005. The Court does not find that Petitioner's claims are "debatable among reasonable jurists," nor does the Court find any reason to think that any other court–including the Eighth Circuit Court of Appeals–could decide his claims any differently than they were decided here. None of Petitioner's claims presents a "close call," or an issue otherwise worthy of further review.

In sum, Petitioner has not made "a substantial showing of the denial of a constitutional right" with respect to any of the claims presented in his § 2255 motion; nor has he identified anything novel, noteworthy, or worrisome about his case that might cause it to warrant appellate review. Petitioner's request for a COA in this matter will therefore be denied.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Petitioner's request for a Certificate of Appealability (Doc. No. 73) is **DENIED**.

Dated: January 30, 2006

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court