# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 02-248(1) (DWF/SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| Therase Leshown Warren, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Therase Leshown Warren's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act ("FSA"). (Doc. No. 106.)

The Court has been informed that according to the Bureau of Prisons, Defendant's anticipated release date is January 21, 2020. The Defendant's release date will soon be changed to approximately September 2019, given good conduct credits pursuant to FSA § 402, which creates an additional seven days of good conduct credit for every year of his sentence. Consequently, for Defendant's 240-month sentence, this could add approximately 140 days of good conduct credit and change his post-FSA § 402 anticipated release date to September 2019 as noted. That determination is made by the Bureau of Prisons. In its response, the United States does not oppose the Court reducing the Defendant's sentence to time served and recommends a supervised release term of eight years, which is the statutory minimum and at least four months in a residential reentry center to assist the Defendant in making a transition back into society consistent

with similarly situated defendants. For the reasons that the Court discusses below, the Court will reduce the Defendant's sentence to time served and place him on eight years of supervised release subject to up to four months in a residential reentry center as a condition of supervised release.[1]

**BACKGROUND**

In August 2002, the Defendant was charged by indictment with one count of distributing 50 grams of crack cocaine in late June 2002 and one count of distributing 244 grams of crack in July 2002. Presentence Investigation Report ("PSR") ¶ 1. A § 851 information was filed in September 2002, which enhanced the potential sentence on each count from ten years to life imprisonment to 20 years to life. (Doc. No. 25.)

A three-day jury trial was held for the Defendant in November 2002. The Defendant was convicted of the 244 gram crack offense in count 2, but acquitted of the 50 gram offense in count 1. (Docket No. 45.)

The Court sentenced the Defendant in April 2003. It found Defendant's guideline range of imprisonment was 360 months to life, his guideline sentence of supervised release was ten years, and his guideline fine range was $20,000 to $8,000,000. As observed by the Government in their submissions, the Court found Defendant's criminal history was overstated and departed downward pursuant to U.S.S.G. § 4A1.3. The Court declined to treat the Defendant as a career offender, using a total offense level 34 and a

---

[1] In consultation with United States Probation Department who has consulted with the Bureau of Prisons, the Court has confirmed that there is a bed available at a residential reentry center with the Bureau of Prisons.

2

criminal history category V for a range of 240 to 293 months.  PSR 18, 26; 4-4-03, Statement of Reasons at 2.

The Court sentenced the Defendant to the statutory minimum term of imprisonment of 20 years, and the statutory minimum term of supervised release of ten years.  (Doc. No. 52.)  As observed by the Government, the Court stated it would not have sentenced the Defendant to less than 240 months, even if the § 851 enhancement had not been filed.  The Court's sentence was upheld on appeal.  (Doc. No. 59.)

In April 2005, the Defendant filed a § 2255 motion raising seven claims.  The Court denied Defendant's motion.  (Doc. No. 69.)  This Court and the Eighth Circuit denied Defendant's request for a certificate of appealability.  (Doc. Nos. 75, 80, 83.)

Then, in January 2006, Defendant sought permission from the Eighth Circuit to file a successive § 2255 motion.  The § 2255(h) request was denied.

In October 2009, the Defendant filed a sentence reduction motion based on 18 U.S.C. § 3582(c)(2) and the 2007 retroactive guideline reductions for crack offenses.  (Doc. No. 93.)  The Court denied Defendant's motion because Defendant's sentence was already at the statutory minimum.  The Eighth Circuit affirmed the Court's ruling.  (Doc. No. 99.)

In September 2013, the Defendant filed another motion for a § 3582(c)(2) sentence reduction, based upon the Fair Sentencing Act of 2010 and presumably, the 2011 retroactive amendments to the crack guidelines.  (Doc. Nos. 101-102.)  This Court denied Defendant's motion.  (Doc. No. 105.)

3

**DISCUSSION**

On January 7, 2019, Defendant filed his *pro se* motion for a sentence reduction pursuant to § 404 of the First Step Act, which was enacted on December 21, 2018. (Doc. No. 106.) The Defendant is before the Court seeking a reduction of his term of imprisonment from 240 months to 120 months and a complete vacation of his ten-year term of supervised release. (Doc. No. 106 at 1; Doc. No. 107 at 2.)

Section 404 of the First Step Act ("FSA") does permit a sentence reduction in certain circumstances. It states:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194.

The Court concludes that the Defendant is eligible for a sentence reduction because of the amount of crack for which he was held responsible, namely 244 grams, which would now be punishable pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) and not § 841(b)(1)(A)(iii). Consequently, Defendant's statutory penalties for the offense is reduced to ten years to life imprisonment and eight years to life supervised release.

However, as observed by the Government, FSA § 404 did not make the Fair Sentencing Act of 2010 retroactive. Discretion to reduce a sentence continues to rest with the sentencing court, even if the sentence is higher than what the current statutory maximum would allow. Instead, FSA § 404 allows a sentencing court to reduce certain

sentences "as if" the modified statutory penalties were in effect. Importantly, the Court can therefore reduce Defendant's 240-month sentence to as low as time served. It can also reduce his ten-year supervised release term to as low as eight years.

The Court, in deciding whether to reduce Defendant's sentence has an obligation to evaluate the § 3553(a) factors, including the relevant guideline range, the Sentencing Commission's policy statements, and the need to prevent disparities among similarly situated defendants. 18 U.S.C. §§ 3553(a)(4)-(6), 3582(a), 3583(e)(2); *cf. United States v. Robles-Garcia*, 844 F. 3d 792 793 (8th Cir. 2016) (§ 3582(c)(2) sentence reduction).

As observed by the Government, this Court has an obligation to consider not only the guideline range that would have applied to the Defendant under the lower statutory penalties at the time his original sentencing, but the guideline range that would apply to the Defendant if he was sentenced today. As the Government correctly observes, the Defendant would still be a career offender today based upon his two Illinois drug trafficking offenses and his conviction for sexual abuse of persons under the age of 13. As a result, his base offense level would still be 37 because his statutory maximum is still life imprisonment with a criminal history category VI, and his guideline range would remain 360 months to life. His supervised release term would be eight years.

The Defendant has already served nearly 201 months in prison. That means he has earned approximately 30 months of good time credit. As observed above, his anticipated release date is January 21, 2020. This will soon be changed to September 2019. As the Government observes, if the changes to good conduct credits pursuant to FSA § 402 had already taken place rather than occurring in July 2019, the Defendant

would likely have been considered for a transfer to a halfway house to complete the last four or five months of his prison term.

After considering the submissions of the parties and the sentencing factors found at 18 U.S.C. § 3553(a) the Court finds that a sentence of time served is clearly reasonable and justified in this case.

However, while the Court finds that a sentence of time served is appropriate, the Court is also aware of the challenges that the Defendant, like almost all defendants, will face reentering society after more than 16 years in prison. For that reason, the Court will impose a supervised release term of eight years, the statutory minimum, and importantly, require as a condition of supervised release, that the Defendant reside for up to 120 days in a residential reentry center upon his release. As noted above, the Court in consultation with United States Probation Pretrial Services and the Bureau of Prisons have arranged a bed in a residential reentry center. In the Court's view, this is absolutely crucial to increasing the likelihood that the Defendant can make the transition into the community and now live a life that he wants to live. The statistics in our district when the Court orders in a case like this, a period in a residential reentry center as opposed to not ordering it, show us that two out of three individuals do not return to prison. A probation officer will sit down with the Defendant and go over his specific conditions of release once he is at a residential reentry center.

## CONCLUSION

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Therase Leshown Warren's motion is **GRANTED** to the extent the Court reduces, at this time, his sentence to time served. Further, the Court directs his period of supervised release shall be eight years. Additionally, the Court specifically orders that the Defendant reside for up to 120 days in a residential reentry center as a condition of his supervised release. All other provisions of Defendant's original sentence shall remain unchanged, including his conditions of supervised release unless otherwise ordered or modified by the Court.

Dated: July 12, 2019
             s/Donovan W. Frank
             DONOVAN W. FRANK
             United States District Judge